**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVEL DANIEL WILKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:25-cv-7** |
| **v.** | ) | |
| | ) | |
| **COMMONWEALTH OF** | ) | |
| **PENNSYLVANIA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM ORDER**</u>

In this *pro se* civil action, Plaintiff Davel Daniel Wilkes, an inmate at SCI Benner Township, alleges that his constitutional rights were violated when he was "brought to jail and sentenced under someone else's crimes" and "illegally" imprisoned for two years.  His complaint names as Defendants "Judge Stevens" and "Judge Sputero," both of whom sit on the Crawford County Court of Common Pleas, and Emily Merski (incorrectly identified in the complaint as Emily "Minski"), an assistant public defender in Crawford County.  The case has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 (Apr. 26, 1996), district courts must review prisoner complaints when, as here, the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B).  The reviewing court must dismiss a case if the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See id.*

1

Judge Lanzillo performed this mandatory screening and, in a Report and Recommendation ("R&R") filed on April 13, 2026, ECF No. [22], he concluded that Plaintiff's complaint should be dismissed as frivolous. Judge Lanzillo began by recalling that, to establish a claim under 42 U.S.C. §1983,[1] Plaintiff must allege the deprivation of a federal right by a person acting under color of state law. *See* ECF No. 22 at 4 (citing authority); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Judge Lanzillo explained that Plaintiff could not state a plausible claim against Merski, because Merski did not act under color of state law in her capacity as an assistant public defender. ECF No. 22 at 4 (citing authority); *see also Acuna-Viales v. Pasquale,* No. CV 24-1048, 2026 WL 1430845, at *9 (D.N.J. May 21, 2026) ("A public defender does not act under color of state law when performing 'a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'") (quoting *Polk County v. Dodson,* 454 U.S. 312, 325 (1981)). Judge Lanzillo next explained that Plaintiff could not state a claim against Judge Stevens or Judge Sputero because judges are generally immune from suits for monetary damages, except where their actions are nonjudicial in nature or are taken in the complete absence of all jurisdiction. *See id.* (citing authority); *see also Acuna-Viales v. Pasquale, supra,* at *10 (citing *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)).

On April 27, 2026, the Clerk received a filing from Plaintiff which has been docketed and construed by this Court as objections to the Report and Recommendation. *See* ECF No. 25. In his objections, Plaintiff elaborates somewhat on the nature of his legal claims. Plaintiff identifies himself as Davel Daniel Wilkes and states that he is currently incarcerated at SCI

---

[1] Section 1983 provides a private right of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See Arrington v. Gustafson*, No. 1:22-CV-226, 2026 WL 523114, at *6 (W.D. Pa. Feb. 25, 2026).

Benner Township under the name "Daniel Michael Wilkes," which, he claims, is not his name. *Id.* Plaintiff states that he and Daniel Michael Wilkes "have the same crime but his [Daniel Michael's] is worst." *Id.* Plaintiff asserts that his own crime occurred in Columbia, South Carolina in 2006, but it was "expunged and dismissed." *Id.* At one point, Plaintiff came to Pennsylvania on vacation, but his parole officer in South Carolina "forgot to [lodge] it in the book," and a warrant was issued for his arrest. *Id.* Plaintiff explains that, after being stopped for a speeding ticket in Pennsylvania, he was immediately taken to jail and was advised that he was "on [Megan's] Law here." *Id.* He claims to have served two years in jail. *Id.*

In his objections, Plaintiff contends that the Chief Magistrate Judge misconstrued his pleading and wrongly assumed he is attempting to sue Judge Stevens and his counselor, Emily Merski. Plaintiff explains that he wishes "not to sue the judge but the Commonwealth of Pennsylvania." ECF No. 25. Plaintiff explains that he was merely stating in his pleading that "a full investigation of [his] name did not take place" and his "case file was not read properly." *Id.* He appears to be suing the Commonwealth of Pennsylvania for assuming jurisdiction over a South Carolina crime that he had "completed" and for "[illegally] sentencing" him "under some[one] else's name." *Id.* Plaintiff asks that the Court "contact [him] as soon as [possible] and help [him] with the sentencing under another person[']s name[.]" *Id.*

While the foregoing information, if true, is extremely troubling, the instant case unfortunately affords the Court no avenue through which it can provide the relief Plaintiff is seeking. As a starting point, the Court accepts Plaintiff's representation that he is attempting to sue only the Commonwealth of Pennsylvania, as it appears he has sued the individual Defendants solely in their official capacities,[2] and official capacity claims against state court

---

[2] The Court makes this assumption based on the fact that Plaintiff checked only the "official capacity" boxes on his prisoner civil rights complaint.

judges[3] are equivalent to claims against the Commonwealth. *See Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd* 502 U.S. 21 (1991) (noting that, in lawsuits against state officials in their official capacities, "the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury."); *see also Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (noting that the "Commonwealth vests judicial power in a unified judicial system," and "all courts and agencies of the [Unified Judicial System] are part of the Commonwealth government rather than local entities). However, the Eleventh Amendment bars such claims, as the Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, and Congress did not abrogate that immunity when it passed Section 1983. *See Monighan v. Wolf*, No. 1:23-CV-427, 2024 WL 5696942, at *3 n.20 (M.D. Pa. Jan. 23, 2024) (citing authority), *report and recommendation adopted*, No. 1:23-CV-427, 2024 WL 5695918 (M.D. Pa. Feb. 21, 2024); *Fairweather v. Barrasse*, No. 3:25-CV-02172, 2026 WL 1408796, at *12 (M.D. Pa. Apr. 27, 2026) (holding that the Eleventh Amendment barred plaintiff's claims for damages against a state court judge in his official capacity), *report and recommendation adopted,* 2026 WL 1406049 (M.D. Pa. May 19, 2026). Additionally, the Commonwealth of Pennsylvania is also not a "person" subject to suit under Section 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989).

Moreover, a Section 1983 lawsuit is not the proper vehicle for attacking the fact or duration of a prisoner's confinement. Instead, a prisoner's request for release from incarceration or a shorter sentence must be pursued through a habeas petition under 28 U.S.C. §2254, after his state remedies have been exhausted. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A]

---

[3] Attorney Merski, as an assistant public defender, does not have an "official capacity" in which she can be sued, as she is not a state actor. *See* Report and Recommendation, ECF No. 22, at 4 (citing authority).

prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.") (citing authority) (internal quotation marks omitted); *McCarthy v. Ebbert*, No. 1:14-CV-2091, 2014 WL 6773847, at *1 (M.D. Pa. Dec. 2, 2014) (contrasting habeas corpus relief with lawsuits under Section 1983 and noting that a civil rights action is "the appropriate vehicle" when a prisoner "is challenging a condition of confinement or attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release") (citing *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973) and *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)).  When a Section 1983 plaintiff seeks damages, and the claim would necessarily demonstrate or imply the invalidity of the plaintiff's underlying criminal conviction, the claim must be dismissed unless the plaintiff can show that the conviction or sentence has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

For all of these reasons, and those set forth in the Report and Recommendation,[4] Plaintiff's lawsuit cannot proceed either against the Commonwealth of Pennsylvania or against the individuals identified in the complaint. Accordingly, after *de novo* review of the documents in the case, including the complaint, the Chief Magistrate Judge's R&R, and Plaintiff's objections thereto,

IT IS ORDERED, this 3rd day of June 2026, that Plaintiff's complaint shall be, and hereby is, DISMISSED in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).  The dismissal is without prejudice to Plaintiff's rights to pursue appropriate relief through direct

---

[4] The Court agrees with the Chief Magistrate Judge's reasoning and recommendation but supplements it with the additional points discussed herein.

appeal, collateral state court proceedings, and/or federal habeas corpus proceedings, as circumstances may warrant.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief U.S. Magistrate Judge Lanzillo on April 13, 2026, ECF No. [22], as supplemented herein, is adopted as the opinion of this Court.  Plaintiff's objections to the Report and Recommendation, ECF No. [25] are OVERRULED.

There being no further claims pending before the Court in this civil action, the Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge